

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 1 4 2017

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| James M. Hollier,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Metropolitan Life Insurance Company<br>d/b/a, MetLife<br><br>　　　　　　　Defendant. | RICK WARREN<br>COURT CLERK<br><br>Case CJ-2017-5200<br><br>JURY TRIAL DEMANDED |

### PETITION

COMES NOW the Plaintiff, James M. Hollier, and for his causes of action against Defendant alleges and states as follows:

1. Metropolitan Life Insurance Company d/b/a MetLife acting through its insurance agent, sold an individual long term care insurance policy to Plaintiff effective March 1, 2001. This insurance policy was in force at all times material hereto.

2. While insured under this policy Plaintiff became chronically ill requiring long term care. Plaintiff incurred expenses for his covered long-term care and treatment and timely and properly made a claim to Defendant for policy benefits and otherwise met all conditions precedent for payment of the policy benefits by showing he was "chronically ill" as defined by the policy and that he was incurring longterm care expenses by reason of confinement in a longterm care facility.

3. MetLife breached its insurance contract with Plaintiff by refusing to properly pay full policy benefits and by refusing to waive the premium payments. Plaintiff appealed this denial and MetLife denied the appeal.

EXHIBIT 1


4. In its handling of Plaintiff's claim and as a matter of routine business practice and handling like claims under these policies, MetLife breached the insurance policy and its duty to deal fairly and act in good faith towards the Plaintiff by:

a. failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that they were entitled to those benefits;

b. failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

c. withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

d. refusing to honor Plaintiff's claims for reasons contrary to the express provisions of the policy and applicable law;

e. refusing to honor Plaintiff's claims by applying restrictions not contained in the policy;

f. refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i. forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

j. failing to properly evaluate any investigation that was performed;

k. handling claims and providing benefits in a manner that is inconsistent with the policy language and promises made to the insured at the time of issuance of the policy; and,

l. intentionally processing claims with conduct the Defendant knows is different than the benefits, claims service, and coverage that the Defendant promises and represents to their insured;

EXHIBIT 1



m.   hiring and using biased consultants to purportedly evaluate the insured when in fact these consultants are used as a tool to deny, delay, and underpay policy benefits.

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

5.   As a proximate result of Defendant's acts and omissions described above, Plaintiff has suffered the loss of the policy coverage, physical bodily injury, mental and emotional distress, financial hardship, and other incidental and consequential damages.

6.   Defendant has been guilty of reckless disregard for the rights of others or has acted intentionally and with malice entitling Plaintiffs to recover punitive damages. Defendant conduct as set out above was and is life threatening to humans.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, Metropolitan Insurance Company d/b/a MetLife in an amount in excess of the federal court jurisdictional limit for actual damages and an amount in excess of the federal court jurisdictional limit for punitive damages together with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

MANSELL ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
M. Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
Firm E-mail: mec@meclaw.net

EXHIBIT 1